# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>W. ULIT,<br><br>　　　　Defendant. | Case No. 1:13-cv-01806-AWI-MJS (PC)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(ECF No. 2)**<br><br>**$400 FILING FEE DUE WITHIN TWENTY-ONE DAYS** |

Plaintiff Roberto Herrera is a California state prisoner proceeding pro se in a civil rights action filed November 8, 2013 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On November 8, 2013, Plaintiff filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records reveal that pursuant to 28 U.S.C. § 1915(g), Plaintiff is ineligible to proceed in forma pauperis and is required to submit the filing fee in full in order to proceed

1

1  with this action. The Court takes judicial notice of the following cases that qualify as strikes
2  pursuant to 28 U.S.C. § 1915(g): Herrera v. Zamora, et al., Case No. 1:11-cv-02076-DLB
3  PC (E.D. Cal.) (dismissed February 27, 2013 for failure to obey a court order and failure to
4  state a claim), Herrera v. Nareddy, et al., Case No. 1:12-cv-00982-AWI-MJS (E.D. Cal.)
5  (dismissed November 29, 2012 for failure to state a claim), Herrera v. Pain Management
6  Committee Staff at Corcoran State Prison, Case No. 1:12-cv-01828-MJS (E.D. Cal.)
7  (dismissed February 11, 2013 for failure to comply with Court order and failure to state a
8  claim).
9       Plaintiff's complaint alleges that on November 1, 2013, he advised Defendant Ulit, a
10 Physician Assistant at Corcoran State Prison, that current pain medication was not effective
11 for his chronic pain condition; Defendant advised he was not allowed to modify Plaintiff's
12 health care plan. The Court finds Plaintiff is not under imminent danger of serious physical
13 injury and is required to pay the $400.00 filing fee before proceeding in this action. Plaintiff
14 is receiving medical attention for his chronic pain condition and merely disagrees with the
15 treatment provided. See Almond v. Pollard, 443 F.App'x 198, 201-02 (7th Cir. 2011)
16 (allegedly untreated chronic back pain not sufficient to establish imminent danger of serious
17 physical harm where treatment was provided); Brown v. Beard, 492 F.Supp.2d 474, 478
18 (E.D.Pa. 2007) (prisoner disagreement with level of care provided is not sufficient to show
19 imminent danger of serious physical harm). Moreover, the pleading does not allege any
20 potential serious physical injury. See Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)
21 (threat must be real and proximate and the potential consequence must be "serious
22 physical injury").
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is DENIED. Plaintiff is ordered to pay the $400.00 filing fee in full within twenty-one (21) days from the date of service of this order. Failure to pay the filing fee will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   January 17, 2014                                              /s/ signature

SENIOR  DISTRICT  JUDGE